[relates to Docket Item 14]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. STAIR, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 06-4454 |
| v. | |
| THOMAS & COOK and RODMAN L. COOK, | **OPINION** |
| Defendants. | |

APPEARANCES:

Donald M. Doherty, Jr., Esq.
FRIEDMAN DOHERTY, LLC
125 North Route 73
West Berlin, NJ 08091
      Attorney for Plaintiff William F. Stair

F. Michael Daily, Jr., Esq.
Sentry Office Plaza
216 Haddon Avenue
Suite 100
Westmont, NJ 08108
      Attorney for Defendants Thomas & Cook and Rodman L. Cook

**SIMANDLE**, District Judge:

        In this case, the Court is called upon to determine whether a debt collection letter sent by Defendants to Plaintiff violated certain notice requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  Defendants have moved to dismiss and/or for summary judgment [Docket Item 14], arguing that the letter does not violate the FDCPA.  For the reasons explained below, the Court finds that the letter violates the FDCPA's notice provisions and will thus deny Defendants' motion.

In addition, because it appears that Plaintiff is entitled to judgment as a matter of law on the issue of liability, but Plaintiff did not file a cross-motion for summary judgment, the Court will afford Defendants the opportunity to present evidence to oppose the entry of partial summary judgment against them.

**I.   BACKGROUND**

The individually named defendant in this case, Rodman L. Cook, Esq., is an attorney employed by Defendant business organization Thomas & Cook.  (Compl. ¶ 3.)  According to Plaintiff, the defendants engage regularly in the practice of consumer debt collection, and one of Defendants' clients is Underwood Memorial Hospital ("UMH").  (Id. at ¶¶ 6-7.)  Mr. Cook was retained by UMH to collect a debt in the amount of $2,557.00 that Mr. Stair allegedly owed to UMH.  (Cook Aff. ¶ 2.)  Mr. Cook's first communication with Mr. Stair was by a letter printed on Thomas & Cook letterhead and dated July 13, 2006 (the "July 2006 letter").  (Id. at ¶ 3; Ex. A.)  The body of the letter contains four paragraphs which read as follows:

> The above matter has been turned over to us for collection.  There is due upon this account the sum of $2,557.00.
>
> Before instituting suit upon this debt, we thought it advisable to offer you this opportunity of making payment without coercion.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt and

2

mail you a copy of such verification.  If you request
this office in writing within 30 days after receiving
this notice, this office will: provide you with the name
and address of the original creditor, if different from
the current creditor.  This is an attempt to collect a
debt.  Any information will be used for that purpose.

If you would save yourself the annoyance and expense of
legal action, kindly send us the amount due.

Let us hear from you before July 27, 2006.

(Cook Aff. Ex. A.)  On August 3, 2006, Mr. Cook filed a lawsuit
in the Superior Court of New Jersey against Mr. Stair on behalf
of UMH in order to collect the debt.  (Cook Aff. Ex. C.)
Plaintiff received the summons and complaint for the Superior
Court lawsuit on August 18, 2006.  (Compl. ¶ 8.)

On September 20, 2006, Plaintiff, through his appointed
power of attorney Dean Smith, filed his Complaint in this action,
alleging on behalf of himself and similarly situated recipients
of comparable correspondence from Defendants that the
"pleadings/communication" sent by Defendants violated various
provisions of the FDCPA.[1]  (Compl. ¶¶ 9-13.)  Defendants now move
to dismiss Plaintiff's Complaint and/or for summary judgment on
Plaintiff's claims.

---

[1]  Although Mr. Stair's Complaint sets forth various class
allegations, he has not yet filed a motion for class
certification.

## II.  DISCUSSION

### A.    Standard of Review

The Court first addresses the standard of review that governs its analysis of Defendants' motion.  Defendants have moved for dismissal pursuant to F. R. Civ. P. 12(b)(6) and/or for summary judgment pursuant to F. R. Civ. P. 56.  (Defs.' Br. 1.) Because Defendants go "beyond the face of the pleadings" in their motion, Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997), and because Plaintiff "stipulates [that] it is appropriate for the Court to rule in the context of summary judgement under Federal Rule [of] Civil Procedure 56," (Pl.'s Opp'n Br. 1), the Court will treat Defendants' submission as a motion for summary judgment.[2]

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict

---

[2]  Defendants correctly note that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  (Defs.' Br. 4) (quoting Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)); see also Lum v. Bank of Am., 361 F.3d 217, 222 (3d Cir. 2004).  However, because Defendants' submissions extend beyond the undisputably authentic letter from Mr. Cook to Mr. Stair, and in light of Plaintiff's express stipulation that the motion should be decided under F. R. Civ. P. 56, the Court treats Defendants' submission as a motion for summary judgment.

4

for the non-moving party." See Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986). A fact is "material" only if it might
affect the outcome of the suit under the applicable rule of law.
Id. In deciding whether there is a disputed issue of material
fact, the court must view the evidence in favor of the non-moving
party by extending any reasonable favorable inference to that
party; in other words, "the nonmoving party's evidence 'is to be
believed, and all justifiable inferences are to be drawn in [that
party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999)
(quoting Liberty Lobby, 477 U.S. at 255).

In addition, the Court may grant summary judgment to the
nonmoving party, but

> judgment cannot be entered without first placing the
> adversarial party on notice that the court is considering
> that course, sua sponte. Additionally, the court must
> provide the moving party with an opportunity to present
> relevant evidence in opposition to the granting of
> summary judgment against it.

Old Bridge Owners Co-op. v. Township of Old Bridge, 981 F. Supp.
884, 887-88 (D.N.J. 1997) (citing American Flint Glass Workers
Union v. Beaumont Glass Co., 62 F.3d 574 (3d Cir. 1995) and
Chambers Development v. Passaic County Utilities Authority, 62
F.3d 582, 584 n.5 (3d Cir. 1995)); see also 10A Charles Alan
Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and
Procedure § 2720 (3d ed. 2001) (noting that "the practice of
allowing summary judgment to be entered for the nonmoving party
in the absence of a formal cross-motion is appropriate," but that

"great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that the opponent is not entitled to judgment as a matter of law").

**B.    FDCPA Claim**

At issue in Defendants' motion for summary judgment is whether the July 2006 letter violates sections 1692e(10) and 1692g of the FDCPA.[3]  The Court first reviews the restrictions that these sections of the FDCPA impose on the activities of debt collectors.[4]

Congress enacted the FDCPA "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to

---

[3]  As an initial matter, the Court notes that the referenced "pleadings/communication" alleged in the Complaint to have violated the FDCPA appear to refer not to the July 2006 letter, but to the summons and complaint Mr. Stair received in connection with Defendants' Superior Court lawsuit.  (Compl. ¶¶ 6-10.)  Both parties have since recognized that the July 2006 letter, rather than the summons and complaint, constituted Defendants' "initial communication" with Mr. Stair under 15 U.S.C. § 1692g(a).  (Defs.' Br. 2; Pl.'s Opp'n Br. 1 n.1.)  The parties are in dispute as to whether the July 2006 letter, as Defendants' initial communication with Mr. Stair, violates sections 1692e(10) and 1692g, and as Plaintiff recognizes in his opposition to Defendants' motion, "the case succeeds or fails depending upon the Court's findings regarding the letter."  (Pl.'s Opp'n Br. 1.)  In light of this recognition, the Court understands Plaintiff to concede that the subsequent service of the summons and complaint in the Superior Court lawsuit did not violate sections 1692g or 1692e(10), as Defendants argue.

[4]  Defendants do not dispute that they are debt collectors within the meaning of the FDCPA.  (Defs.' Br. 6.)

invasions of individual privacy." <u>Wilson v. Quadramed Corp.</u>, 225

F.3d 350, 354 (3d Cir. 2000) (quoting <u>Miller v. Payco-General</u>

<u>American Credits, Inc.</u>, 943 F.2d 482, 483-84 (4th Cir. 1991) (in

turn quoting 15 U.S.C. §§ 1692a and 1692e)).  In furtherance of

the statutory goal of eliminating abusive debt collection

practices, section 1692g(a) requires a debt collector to provide

certain information in writing to a consumer within five days of

the collector's "initial communication" with the consumer:

>   (1) the amount of the debt;
>
>   (2) the name of the creditor to whom the debt is owed;
>
>   (3) a statement that unless the consumer, within thirty
>   days after receipt of the notice, disputes the validity
>   of the debt, or any portion thereof, the debt will be
>   assumed to be valid by the debt collector;
>
>   (4) a statement that if the consumer notifies the debt
>   collector in writing within the thirty-day period that
>   the debt, or any portion thereof, is disputed, the debt
>   collector will obtain verification of the debt or a copy
>   of a judgment against the consumer and a copy of such
>   verification or judgment will be mailed to the consumer
>   by the debt collector; and
>
>   (5) a statement that, upon the consumer's written request
>   within the thirty-day period, the debt collector will
>   provide the consumer with the name and address of the
>   original creditor, if different from the current
>   creditor.

15 U.S.C. § 1692g(a).  The Act "further mandates the debt

collector to cease all collection efforts if the consumer

provides written notice that he or she disputes the debt or

requests the name of the original creditor until the debt

collector mails either the debt verification or creditor's name

to the consumer." <u>Wilson</u>, 225 F.3d at 354 (citing 15 U.S.C. § 1692g(b)).[5]  Finally, section 1692e contains a general prohibition against debt collector misconduct, proscribing "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. § 1692e.

In addressing whether a debt collection letter comports with the Act's notice provisions, the Court of Appeals for the Third Circuit has been clear that "statutory notice must not only explicate a debtor's rights; it must do so effectively."

---

[5]  Section 1692g(b) provides in full:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

<u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991); <u>see</u> <u>also</u>
<u>Wilson</u>, 225 F.3d at 354.  The effectiveness of a collection
letter's provision of notice is to be "interpreted from the
perspective of the 'least sophisticated debtor.'" <u>Graziano</u>, 950
F.2d at 111.  Applying this standard, courts have held that where
the statutory notice in a debt collection letter is
"overshadowed," <u>Swanson v. Southern Oregon Credit Service, Inc.</u>,
869 F.2d 1222, 1225 (9th Cir. 1988), or "contradicted by
accompanying messages from the debt collector," <u>Graziano</u>, 950
F.2d at 111, such notice has not been provided effectively within
the meaning of 15 U.S.C. § 1692g.

     Hence, in <u>Graziano</u>, the court found that there was an
inconsistency between a debt collection letter's "demand for
payment within ten days and [] threat of immediate legal action
if payment is not made in that time," on the one hand, and its
perfunctory recitation of the statutory notice requirements on
the other.  <u>Id.</u>  The court reasoned that there was

     a reasonable probability that the least sophisticated
     debtor . . . would be induced to overlook his statutory
     right to dispute the debt within thirty days.  A notice
     of rights, when presented in conjunction with such a
     contradictory demand, is not effectively communicated to
     the debtor.

<u>Id.</u>  By contrast, in <u>Wilson</u>, the court found that a debt
collection letter that merely "afford[ed the recipient] the
opportunity to pay [the] bill immediately," but did not present a
contradictory demand for payment within a specific time period

shorter than the thirty-day statutory window, did not violate
section 1692g.  <u>Wilson</u>, 225 F.3d at 356.  The court rejected the
notion that

> the least sophisticated debtor would interpret 'afford
> you the opportunity to pay this bill immediately' as a
> demand for payment in less than thirty days, especially
> since this 'opportunity' is followed, almost immediately,
> by the required notice of the right to dispute the debt.

<u>Id.</u> at 357.

Defendants argue that the statutory notice provided in the
July 2006 letter is neither overshadowed nor contradicted by the
remainder of the letter, making this case closer to <u>Wilson</u> than
<u>Graziano</u>.  Defendants first note that they did not obscure the
statutory notice language by printing it in smaller typeface than
the rest of the letter or on a separate page.  (Defs.' Br. 9.)
More critically, Defendants argue that the information conveyed
in the statutory notice paragraph of the letter is not
contradicted by the remainder of the letter's contents, likening
the letter's "let us hear from you before July 27, 2006" language
to the "we shall afford you the opportunity to pay this bill
immediately" language upheld in <u>Wilson</u>.  (<u>Id.</u>)  Finally,
Defendants argue that the "let us hear from you" language did not
indicate that Mr. Stair would lose his opportunity to contest the
debt within the thirty-day window if he failed to contact
Defendants before July 27, 2006.  (<u>Id.</u>)  Rather, they argue, the
letter gave Mr. Stair three options: "(1) [c]hallenge the debt in

writing within in 30 days"; "(2) [p]ay and avoid 'the annoyance and expense of legal action'"; or "(3) [c]ontact Cook within 14 days ('Let us hear from you before July 27, 2006[]') to discuss the matter." (<u>Id.</u>)

Plaintiff argues that <u>Graziano</u>'s prohibition on "confusing or conflicting time lines superimposed against the 30 day validation window" applies directly to the July 2006 letter. (Pl.'s Opp'n Br. 3.) According to Plaintiff, the fact that the letter was dated July 13, 2006 and demanded a response from Mr. Stair before July 27, 2006 – just two weeks after the letter was mailed – would leave the least sophisticated debtor confused as to whether he indeed had thirty days to dispute or verify the debt. (<u>Id.</u> at 4.) The danger of these conflicting timelines is compounded, according to Plaintiff, by the repeated threats of "legal action" and "coercion" in the letter. (<u>Id.</u>) Finally, Plaintiff argues that this case is distinguishable from <u>Wilson</u>, where the letter was not from an attorney, did not threaten litigation, and "[m]ost importantly, . . . did not juxtapose a specific, conflicting time frame over the 30 day time-to-dispute window." (<u>Id.</u> at 5.)

The Court agrees with Plaintiff that the statutory notice provisions in the July 2006 letter are sufficiently contradicted by its remaining contents that the least sophisticated debtor would harbor serious doubts as to his ability to dispute or

11

verify the debt within thirty days.  Foremost among the Court's concerns regarding the likelihood that an unsophisticated debtor would misunderstand his rights upon reading the letter are the confusing timelines the letter presents.  In the absence of its final sentence – "Let us hear from you before July 27, 2006" – the letter would make clear that the recipient risks "the annoyance and expense of legal action" and other "coercion," but would also inform the recipient of his rights under 15 U.S.C. § 1692g.  (Cook Aff. Ex. A.)  The final sentence, however, undermines the significance of the section 1692g notice, in that it announces a deadline far short of the thirty-day window but does nothing to reconcile this shorter time frame with the preceding statement of the debtor's rights.  The Court is convinced that an unsophisticated debtor, confronted with repeated threats of litigation and a two-week deadline, "would be induced to overlook his statutory right to dispute the debt within thirty days."  <u>Graziano</u>, 950 F.2d at 111.

The Court recognizes that it is not inconceivable that a debtor reading the letter might discern the three-option choice Defendants describe in their brief.  That is, the contents of the letter are not so fundamentally contradictory that a lawyer would be incapable of advancing an interpretation in which the two-week deadline is not at odds with the thirty-day validation window, and indeed, Defendants have offered such an interpretation here –

the two-week deadline, they argue, is simply the time the recipient of the letter has "to discuss the matter."  (Defs.' Br. 9.)  Yet the standard for whether a debt collection letter "explicate[s] a debtor's rights . . . effectively" is not whether an experienced lawyer can thread the needle through the letter's seemingly contradictory terms, but whether the provision of notice would be clear to the "least sophisticated debtor." Graziano, 950 F.2d at 111.  In this case, there is more than a "reasonable probability" that the two-week deadline announced in the letter would cause an unsophisticated debtor to discount his statutory right to challenge the debt within thirty days, id., because "[t]he net effect of the juxtaposition of the [two]-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish."  Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997).

In addition to the juxtaposition of conflicting time frames, the Court finds that the specificity of the actions threatened in the letter make this case closer to Graziano than Wilson.  In Wilson, the court noted that "[w]here specific action is threatened for nonpayment, the least sophisticated debtor might feel that he has no other option but to pay, in which case such threats have been found to overshadow the validation notice and cause the debtor to overlook his statutory right to dispute the debt." Wilson, 225 F.3d at 360 n.6.  The collection letter at

13

issue in Wilson urged its recipient to "avoid further action," a
phrase which the court found "does not convey a sense of urgency
or a threat of specific action which overshadows the validation
notice." Id.  In Graziano, by contrast, the debt collector
threatened to sue the recipient if the debt was not paid.
Graziano, 950 F.2d at 109.  In this case, Defendants' letter
threatened the "institut[ion of] suit," "coercion," and "the
annoyance and expense of legal action" (Cook Aff. Ex. A) – much
more specific conduct than the vague "further action" mentioned
in Wilson.  225 F.3d at 360 n.6.  Such specific threats would
make an unsophisticated debtor even more likely to overlook his
statutory right to dispute the debt within thirty days in light
of the letter's demand for a response within two weeks.

It is worth noting that even in the absence of specifically
threatened action and contradictory timelines, the court in
Wilson acknowledged that the letter there presented "a close
question." Wilson, 225 F.3d at 354.  If the question in Wilson
was close, then the letter at issue here – with its threats of
"coercion" and "legal action" and its two-week deadline – clearly
crosses the line.  Finding that Defendants' letter violates
Graziano's requirement that a debt collection letter "explicate a
debtor's rights . . . effectively," Graziano, 950 F.2d at 111,
the Court will deny Defendants' motion for summary judgment.

Moreover, the preceding analysis indicates that Plaintiff is entitled to judgment as a matter of law on the issue of liability.  Because Plaintiff did not file a cross-motion for summary judgment, however, the Court will afford Defendants "an opportunity to present relevant evidence in opposition to the granting of summary judgment against [them]."  <u>Old Bridge Owners Co-op.</u>, 981 F. Supp. at 887-88.  Accordingly, if Defendants intend to submit evidence to oppose the entry of partial summary judgment against them on the question of liability, they should submit such evidence within ten days of the entry of this Opinion and the accompanying Order.

**III.  CONCLUSION**

For the reasons discussed above, the Court will deny Defendants' motion to dismiss and/or for summary judgment.  The accompanying Order will be entered.


**February 7, 2008**                    **_s/ Jerome B. Simandle_**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge

15